FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 18 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EFRAIN SOTO,

                          **MEMORANDUM and ORDER**

                Plaintiff,

                          11-CV-0089 (SLT) (LB)

      -against-

ROSA LENE; FELIX LENE; STEPHANIE V.
LENE, DIANA LENE and other immediate family;
JOHN & JANE DOE of Apt. #3-F and other
immediate family at 157 E. 2nd St., N.Y. N.Y. 10009;
JOHN & JANE DOE of Apt. #2-E and other
immediate family at 157 E. 2nd St., N.Y. N.Y. 10009;
BROOKDALE HOSPITAL/SHACHNE BLDG.
and Employees,

                Defendants.
------------------------------------------------------------x

**TOWNES, United States District Judge:**

      On January 5, 2011, plaintiff Efrain Soto, currently a patient at Brookdale University Hospital's Schulman and Schachne Institute for Nursing and Rehabilitation, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violation of the Federal Nursing Home Reform Act, 42 U.S.C. § 1396r ("NHRA"); unlawful retaliation pursuant to 42 U.S.C. § 1997d; and violations of federal and state criminal statutes. Compl. at 1-2.[1] Along with his complaint, plaintiff filed a request to proceed *in forma pauperis* and a motion for a temporary restraining order and preliminary injunction to prevent defendants from, *inter alia*, "stalking" and "harass[ing]" him. Plaintiff's request to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(a)(1). However, for the reasons set forth below, the Court dismisses the complaint and denies plaintiff's request for a temporary restraining order and preliminary injunction.

---

[1] Since plaintiff did not number the pages in his complaint, this Court will use the computer-generated numbers assigned to each page when plaintiff's complaint was scanned into the Court's electronic case filing system.

## BACKGROUND

Although plaintiff's complaint is not entirely clear, it appears to allege that various individuals or employees at plaintiff's nursing home and at his "father's place of residence [157 E. 2nd St., N.Y. N.Y. 10009]," Compl. at 6, are harassing and stalking plaintiff in retaliation for plaintiff's prior complaints of noise at his father's residence. *Id.* at 6-7. According to plaintiff, he has been followed to California by these "stalker defendants" and is convinced that defendants seek to hasten his death by their purported actions. *Id.* at 6-7. Plaintiff alleges, *inter alia*, that defendants spray toxic chemicals into his room at the nursing home and deprive him of sleep by using devices that emit high-pitched or vibrating sounds. *Id.* at 19-20. Along with immediate injunctive relief and $1 million in damages, plaintiff seeks a "protective order, GPS on the organized stalking defendants, and long prison terms." *Id.* at 8.

## DISCUSSION

Title 28, Section 1915(e)(2)(B), of the United States Code requires a district court to dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, federal courts have an independent obligation to examine the basis of their jurisdiction. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled on other grounds by City of Littleton v. Z.J. Gifts D-4, LLC*, 541 U.S. 774 (2004). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,

2

106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Although plaintiff's complaint does not expressly allege a basis for jurisdiction, he implies that this Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331. He specifically mentions 42 U.S.C. § 1983 and alleges violation of several federal statutes including 42 U.S.C. § 1997d, 42 U.S.C. § 1396r, and various federal criminal statutes. The Court will address these alleged bases for jurisdiction in turn.

The first potential ground for federal-question jurisdiction is 42 U.S.C. § 1983. This section creates no substantive rights, but provides "a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (also known as the "state action" requirement of § 1983). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

Private actors and institutions generally are not proper defendants to a 42 U.S.C. § 1983 action because they do not act under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required

3

to show state action."). Brookdale Hospital is a private, nonprofit teaching hospital, *see* http://brookdalehospital.org (last visited Jan. 12, 2011), and all other named defendants are private individuals. Plaintiff fails to allege facts that show that any of these private defendants acted under color of state law. Therefore, no claim has been stated under 42 U.S.C. § 1983.

The two other civil statutes cited by plaintiff do not create a private right of action independent of § 1983. First, 42 U.S.C. § 1997d prohibits retaliation against individuals who report potential violations of the Civil Rights of Institutionalized Persons Act. Although plaintiff alleges retaliation, courts have held that § 1997d confers no right of private action. *McDonald v. Rivera*, No. 9:06-CV-410 (LEK/DEP), 2008 WL 268345, at *11 (N.D.N.Y. Jan. 30, 2008) (citing *Price v. Brittain*, 874 F.2d 252, 262-64 (5th Cir. 1989)); *Gayle v. Lucas*, No. 97 Civ. 0883 (MGC), 1998 WL 148416, at *5 (S.D.N.Y. Mar. 30, 1998) (citing *McRorie v. Shimoda*, 795 F.2d 780, 782 n. 3 (9th Cir. 1986)) . Therefore, no claim has been stated under 42 U.S.C. § 1997d.

Second, 42 U.S.C. § 1396r is a provision of the NHRA that sets requirements for state-owned or operated nursing home facilities. "[T]he NHRA confers individual rights that are presumptively enforceable through § 1983." *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 304 (E.D.N.Y. 2008). In fact, the two cases that plaintiff cites to in his complaint are examples of plaintiffs suing state- or county-owned facilities under § 1983 for violations of § 1396r. *See Grammar v. John J. Kane Reg'l Ctrs.-Glen Hazel*, 570 F.3d 520, 522 (3d Cir. 2009); *Joseph S. v. Hogan*, 561 F. Supp. 2d at 286. However, plaintiff cannot state a claim under § 1983 because, as discussed above, none of the named defendants are state actors.

The only remaining grounds for federal-question jurisdiction suggested by plaintiff's complaint are the federal criminal statutes. However, violations of the federal criminal code

generally cannot serve as the basis for a civil cause of action. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Tsabbar v. Booth*, 293 F. Supp. 2d 328, 335 (S.D.N.Y. 2003). Furthermore, plaintiff has no right to initiate or compel the initiation of criminal proceedings against another individual. *Leeke v. Timmerman*, 454 U.S. 83 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973); *Ostrowski v. Mehltretter*, 20 F. App'x 87 (2d Cir. 2001).

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). This Court denies plaintiff's request for preliminary injunctive relief, and declines to allow plaintiff to amend the complaint as leave to amend would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). To the extent that plaintiff'c complain incorporates any state law claims, these state law claims are dismissed without prejudice to bringing them in State court..

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

SANDRA L. TOWNES
United States District Judge

Dated: January 14, 2011
Brooklyn, New York